**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DANA MOZELL | : | PRISONER |
| | : | NO. 3:02CV1035(DFM) |
| VS. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | MARCH 16, 2004 |

**MOTION FOR PERMISSION TO FILE MOTION FOR**
**SUMMARY JUDGMENT ON EXHAUSTION ISSUE**

The defendants in this action respectfully move for permission to file a Motion for Summary Judgment in this matter solely on the issue of exhaustion of administrative remedies, reserving their right, if unsuccessful on the motion regarding exhaustion, to file a summary judgment motion with regard to the merits of the plaintiff's cause of action.

**Procedural History:** The defendants moved to dismiss this action on various grounds, including failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). The Court denied the motion to dismiss for failure to exhaust "without prejudice", noting that the plaintiff had claimed he had attempted to exhaust, although he did not allege that he had filed any grievance pursuant to State of Connecticut Department of Correction Administrative Directive 9.6. The Court ruled that this issue must be resolved by summary judgment or at trial.

**Argument:** The law requires that: "**No action shall be brought** with respect to prison conditions under section 1983 . . ., or any other federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a) (emphasis added). Thus, if it can be established that a plaintiff inmate has not exhausted, this Court need not reach

the merits of the case. The defendants in this case seek permission to demonstrate to the Court that this plaintiff has failed to exhaust before burdening themselves or the Court with a motion addressing the merits of this case. The defendants urge the Court that granting this motion and allowing this issue to be decided first is consistent with both the language of the statute and the Second Circuit's interpretation thereof.

Due to his incarceration, the defendant has been unable to determine the plaintiff's position with regard to this motion.

**WHEREFORE**, the defendants respectfully seeks permission from this Court to file a Motion for Summary Judgment addressing the exhaustion issue, reserving the right to file a summary judgment motion on the merits of plaintiff's claim should she be unsuccessful on the motion as regards exhaustion.

DEFENDANT,
John Armstrong

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
Federal Bar No. ct08575
110 Sherman Street
Hartford, CT  06105
Telephone No.  (860) 808-5450
Fax No. (860) 808-5450
lynn.wittenbrink@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail to the following on this 16th day of March, 2004, to:

Dana Mozell, Inmate No. 208420
Brooklyn Correctional Institution
59 Hartford Road
Brooklyn, CT 06234

_____
Lynn D. Wittenbrink
Assistant Attorney General