UNITED STATES DISTRICT COURT

District of Connecticut

FILED

| | | |
|---|---|---|
| DANA MOZELL | : | CASE NO. 3:02CV1035(DFM) |
| v. | : | |
| JOHN ARMSTRONG, ET AL | : | JANUARY 24, 2005 |

2005 FEB -1 P 3: 32

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SUMMARY JUDGMENT

The Plaintiff, Dana Mozell, hereby moves to respond to the Defendant's Summary Judgment, which has been Ordered by the Honorable Donna F. Martinez, United States Magistrate Judge. This response shall be no later than January 28, 2005.

Mr. Mozell claims that this petition was originally presented to this Honorable Court dated in the year 2002. Mr. Mozell avers that this Honorable Court should kindly consider all mittigating factors, which have been presented by both parties in this petition.

There are too many mittigating factors that Mr. Mozell can currently present, however, Mr. Mozell claims that this Honorable Court has all documents, exhibits and pleading in file. For this reason, Mr. Mozell shall limit himself to present this information.

Mr. Mozell wishes to address this Honorable Court and briefly explain that he has outstanding compelling reasons why his petition shall be granted based on the statutory factors as follows:

This Honorable Court shall recognize that prison administrators are under an obligation to take reasonble measures to guarantee the "safety and security" of all prisoners. (see Hudson v. Palmer, 468 U.S. 517,526-7 (1984).

part, "and as the lower Courts have uniformly held, and as we have assumed, prison officials have a "duty to protect prisoners from violence at the hands of other prisoners." (see Farmer v. Brennan, 511 U.S. 825, 833 (1994).

In Farmer, the United States Supreme Court noted that being "violently assaulted in prison" is simply not part of the penalty that criminal offenders pay for their offenses against society. (see Farmer, 511 U.S. at 834).

Mr. Mozell claims that for a prisoner to establish a 42 U.S.C. §1983 "Civil Rights" action in violation of an Eighth Amendment violation against a prison official(s), two requirements must be met:

> First, the deprivation alleged must have been sufficiently serious; and second, the official(s) must have had a sufficiently capable state of mind.

Mr. Mozell has proven these facts beyond a reasonable doubt, by the Pleadings, Disciplinary, Investigative and Medical Reports, in which the Defendants and its defense team has presented to this Honorable Court.

Mr. Mozell avers that in order to maintain an action for "failure to protect", a prisoner must demonstrate not only that a serious injury was sustained, but also that it was a result of "deliberate indifference" on the part of prison officials. This, Mr. Mozell has proven. (see Hayes v. New York City Department of Corrections, 84 F.3d 614, 620 (2nd Cir 1996).

(2)

This Honorable Court shall also recognize that the

*Mr. Dana Mozell #208420*
Dana Mozell, Pro Se
Inmate No. 208420
Carl Robinson C.I.
P.O. Box 1400
Enfield, CT 06083

**ORAL ARGUMENT AND TESTIMONY IS REQUESTED AND REQUIRED.**

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage pre-paid ob this 24th day of January, 2005 to:

The Honorable Richard Blumenthal
Attorney General
55 Elm Street
Hartford, CT 06106

The Honorable Lynn D. Wittenbrink
Assistant Attroney General
110 Sherman Street
Hartford, CT 06105

The Honorable John J. Armstrong
Commissioner of Corrections
24 Wolcott Hill Road
Wethersfield, CT 06109

C/O Vernon
Cheshire C.I.
900 Highland Street
Cheshire, CT 06410

C/O Meliewski
Chesire C.I.
900 Highland Street
Cheshire, CT 06410

BY: *Mr. Dana Mozell #208420*
Dana Mozell, Pro Se
Inmate No. 208420
Carl Robinson C.I.
P.O. Box 1400
Enfield, CT 06083

(4)