UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

DANA MOZELL,                    :          2005 FEB 15  A 10: 35

    Plaintiff,              :
                       U.S. DISTRICT COURT
                 :          PRISONER   HARTFORD, CT.
    v.                      :          CASE NO. 3:02CV1035(DFM)

JOHN ARMSTRONG, et al.,[1]      :

    Defendants.             :

## RULING AND ORDER

    Plaintiff Dana Mozell ("Mozell") is an inmate currently confined at the Enfield Correctional Institution in Enfield, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Mozell alleges that, while he was confined at the Cheshire Correctional Institution in Cheshire, Connecticut, Correctional Officers Melewski and Vernon ("the defendants") failed to protect him from an assault in the shower. Pending before the court is the defendants' motion for summary judgment. (Doc. #29.) The defendants argue that they are entitled to summary judgment because Mozell did not exhaust his administrative remedies before commencing this action. For the reasons that follow, the

---

    [1]The original complaint named as defendants Commissioner John Armstrong and Warden Hector Rodriguez. On August 7, 2002, the court ordered plaintiff to file an amended complaint demonstrating that he exhausted his administrative remedies and alleging facts demonstrating the personal involvement of each defendant in the incident giving rise to his claims. The amended complaint, filed September 30, 2002, names only Correctional Officers Melewski and Vernon as defendants. Therefore, the court considered all claims against defendants Armstrong and Rodriguez to be withdrawn.

defendants' motion is granted.

I.    Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson, 477 U.S. at 248). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present significant probative evidence to create a genuine issue of material fact." Burt v. Rumsfeld, --- F. Supp.2d ---, 2005 WL 273205, at *2 (D. Conn. Jan. 31, 2005). A party may not rely "on mere speculation or conjecture as to the true nature of the facts

2

to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). A party may not create a genuine issue of material fact by presenting unsupported statements, Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978), nor may he rest on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II.    Facts[2]

---

[2]The facts are taken from defendants' Local Rule 56(a)1 Statement (doc. #29-3). On August 25, 2004, Mozell was provided notice of his obligation to respond to defendants' motion and of the contents of a proper response. (Doc. #30.) He was afforded two extensions of time, until January 28, 2005, to file his response. Mozell filed his response on February 1, 2005. (Doc. #36.) Despite specific notice, he did not submit a Local Rule 56(a)2 Statement. As a result, pursuant to Local Rule 56(a)1, all facts contained in defendants' statement are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance

On August 24, 2001, Mozell was attacked while he was in a "secure" shower at Cheshire Correctional Institution. Mozell alleges that the defendants were present while another inmate cut and slashed him but that they failed to physically intervene. Following the attack, Mozell was taken to the University of Connecticut Medical Center where he received thirty-eight stitches.

Mozell could complain about staff conduct in connection with this incident by filing an institutional line grievance. Grievance forms were available to all inmates confined at the Cheshire Correctional Institution. After completing the initial, level 1, grievance form, an inmate would place the grievance in a locked box in his housing unit. Only the grievance coordinators had keys to the box.

The grievance coordinators keep a log of every grievance placed in the locked boxes. The log entry includes the date of the grievance, the name and inmate number of the inmate filing the grievance, the date of the response and a brief description of the problem and disposition. In addition to the log entry, a grievance file is opened for each grievance. The grievance file contains any documents pertaining to the grievance or the investigation of the claim. Any inmate may obtain a copy of any grievance he has filed from his correctional counselor.

If an inmate does not receive a timely response to a level 1

---

with Rule 56(a)2.")

4

grievance, he may file a level 2 grievance.  Level 2 grievances also are deposited in locked boxes.  They are logged and maintained by different grievance reviewers in a separate building.

All grievance files are maintained for five years.  A search of the grievance logs revealed that Mozell did not file any level 1 grievances while confined at the Cheshire Correctional Institution and did not file any level 2 grievances during 2001 and early 2002.

III. Discussion

Defendants move for summary judgment on the ground that Mozell failed to exhaust his administrative remedies before commencing this action.  In response, Mozell refers the court to his argument in opposition to defendants' motion to dismiss, that correctional staff interfered with his ability to exhaust his administrative remedies.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "administrative remedies as are available" before bringing an "action . . . with respect to prison conditions."  Under this provision, an inmate is required to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 531 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001).

In reviewing a claim of failure to exhaust administrative

5

remedies, the court considers four questions: (1) were administrative remedies available to the inmate; (2) did defendants forfeit their affirmative defense of failure to exhaust administrative remedies by failing to raise or preserve that claim; (3) whether any defendant is estopped from raising this claim because, by his actions, he inhibited the inmate's attempts to exhaust his administrative remedies; and (4) if administrative remedies were available to the inmate and defendants neither forfeited their defense nor inhibited the inmate from exhausting his remedies, whether special circumstances have been alleged that would justify the inmate's failure to comply with the exhaustion requirement. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Grievances. During the relevant time period, section 6(A) provided that the following matters were grievable:

1.   The interpretation and application of policies, rules and procedures of the unit, division and Department.
2.   The existence or substance of policies, rules and procedure of the unit, division and Department . . . .
3.   Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
4.   Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
5.   Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the

6

authority of the Department of Correction, to
include rights under the Americans with Disabilities
Act, except as noted herein.

6.    Property loss or damage.

Mozell's failure to protect claim is included in items 3 and
5 in the list of grievable matters.

The grievance procedures also provide that if a timely
response to a level 1 grievance is not received, the inmate may
file a level 2 grievance. (See Administrative Directive 9.6, § 16,
Defs.' Mem. Ex. B.)  Both levels of the grievance process were
available to Mozell.

Defendants asserted the affirmative defense of failure to
exhaust administrative remedies in their motion to dismiss and in
this motion.  Defendants therefore have not forfeited their right
to assert this defense.

The third question the court must consider is whether, by
their actions, the defendants inhibited Mozell from filing
grievances and exhausting his administrative remedies.  In Ziemba
v. Wezner, 366 F.3d 161 (2d Cir. 2004), where the prisoner alleged
that he was threatened, beaten, denied grievance forms and writing
implements and transferred to another correctional facility, the
Second Circuit held that estoppel could bar the affirmative defense
of exhaustion.  Id. at 162.[3]

---

[3]The Second Circuit reversed the district court's decision
granting the defendants' motion for judgment on the pleadings and
remanded the case to the district court for factual development and
consideration of whether the defendants' threats and/or
intimidating conduct estopped them from asserting the affirmative

In his memorandum in opposition to the motion to dismiss, Mozell contended that he was ignored and "had different games played on him" by correctional staff members when he tried to exhaust his administrative remedies. (Pl.'s Mem. Opp'n to Mot. Dismiss, Doc. #23, at 2.)   In addition, he states that "his Grievance Forms had a way of never reaching their destination." (Pl.'s Mem. Opp'n to Mot. Dismiss, Doc. #23, at 8.)   The court cannot discern from these statements whether Mozell claims he made any attempt to file a grievance regarding this incident. Defendants have provided affidavits stating that, although grievance materials were available to Mozell at all times, he did not file any institutional grievances during this period.  More to the point, however, Mozell's general statements do not mention or even refer to the two remaining defendants.  Mozell has provided no evidence in opposition to the motion for summary judgment suggesting that either defendant interfered with his ability to file a grievance.  See Hemphill, 380 F.3d at 689 (noting that court must review facts regarding conduct of each defendant to determine whether that defendant may be estopped from raising the affirmative defense of failure to exhaust administrative remedies).  Mozell has not shown that defendants should be estopped from raising their affirmative defense.

Finally, the court must consider whether there are any special

---

defense of failure to exhaust administrative remedies.

circumstances that would justify Mozell's failure to exhaust available administrative remedies. In his amended complaint, Mozell states that he exhausted his administrative remedies by writing to Inmates' Legal Assistance Program. Mozell has provided no evidence in opposition to the motion for summary judgment to show that the administrative directive could reasonably be construed to allow a letter to Inmates' Legal Assistance Program to suffice as a substitute for filing an institutional grievance. Inmates' Legal Assistance Program is a separate organization from the Connecticut Department of Correction and is not mentioned in the administrative directive governing inmate grievances. Mailing a letter to Inmates' Legal Assistance Program would not inform correctional officials of the alleged misconduct and enable them to take corrective action. See Johnson v. Festman, 380 F.3d 691, 697 (2d Cir. 2004) ("[t]he PLRA's exhaustion requirement is designed to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.")

Even if the court were to liberally construe the plaintiff's statement to allege a misunderstanding of the exhaustion procedures, the statement is unavailing. Mozell has provided a September 3, 2002 letter from Inmates' Legal Assistance Program informing him that he must file institutional grievances to exhaust his administrative remedies. Although Mozell received this letter after the thirty-day period for filing a grievance had passed, the

9

administrative directive provides that the Commissioner can make an exception to the procedures. (See Administrative Directive 9.6, § 24, Defs.' Mem. Ex. B.)  Mozell has provided no evidence to show that he tried to avail himself of this procedure before filing the amended complaint naming defendants Melewski and Vernon.

The court concludes that Mozell has failed meet his burden in opposition to defendants' motion for summary judgment of demonstrating a genuine issue of fact as to whether he exhausted his administrative remedies before commencing this action.

IV.  Conclusion

The defendants' motion for summary judgment (doc. #29) is GRANTED.  The Clerk is directed to enter judgment in favor of defendants and close this case.

This is not a recommended ruling.  The parties consented to the exercise of jurisdiction by a magistrate judge and on April 14, 2003, the case was transferred to the undersigned for all purposes including the entry of judgment. See doc. #12.

SO ORDERED this 14th day of February, 2005, at Hartford, Connecticut.

Donna F. Martinez
United States Magistrate Judge

10